Filed 2/20/24  In re E.N. CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re E.N., a Person Coming Under the Juvenile Court Law.

| | |
|---|---|
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E082391 |
| Plaintiff and Respondent, | (Super. Ct. No. RIJ1600209) |
| v. | OPINION |
| M.N., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dorothy McLaughlin, Judge.  Affirmed.

Konrad S. Lee under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham, and Samara Silverman, Deputy County Counsel, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant, M.N. (Father) appeals from the juvenile court's orders terminating his parental rights to his child, E.N. Father's sole argument is that the juvenile court failed to ensure that plaintiff and respondent, the Riverside County Department of Public Social Services (the Department) conducted a sufficient inquiry into E.N.'s Indian ancestry before terminating his parental rights, in violation of the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) and related California law (Welf. & Inst. Code, § 224 et seq.).[1] Because E.N. was detained pursuant to a protective custody warrant under section 340, subdivision (b), the Department was not required to ask E.N.'s extended relatives about E.N.'s Indian ancestry. (*In re Robert F.* (2023) 90 Cal.App.5th 492, review granted July 26, 2023, S279743; *In re Andres R.* (2023) 94 Cal.App.5th 828, review granted Nov. 15, 2023, S282054; *In re Ja.O.* (2023) 91 Cal.App.5th 672, review granted July 26, 2023, S280572.) We therefore affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

The Department was notified that E.N. and his mother (who is not a party to this appeal) tested positive for amphetamines when he was born. The Department

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

[2] Because Father's appeal challenges only whether the Department satisfied its ICWA duties, we provide only a brief recitation of the facts and procedural history.

interviewed mother, who admitted to having used methamphetamine in the days before E.N.'s birth. Father also testified positive for methamphetamine and amphetamine around the same time. When the Department interviewed the parents shortly after E.N.'s birth, they both denied any Native American ancestry.

Two days after E.N.'s birth, the Department submitted a probable cause statement and request for a protective custody warrant under section 340 to detain E.N. from the parents' custody. The juvenile court issued the warrant as requested.

The Department then filed a petition on E.N.'s behalf under section 300, subdivision (b). The Department attached an Indian Child Inquiry Attachment to the petition, which stated that the parents were asked about E.N.'s Indian status and both parents gave no reason to believe E.N. is an Indian child.

The next day, the juvenile court ordered E.N. detained and removed from the parents' care. At the detention hearing, both parents denied having Native American ancestry. The juvenile court found that ICWA did not apply.

In a subsequent interview about a month later, both parents again denied having any Native American ancestry. However, Father later claimed he may have Native American ancestry through his mother (E.N.'s paternal grandmother). The Department thus contacted the paternal grandmother and paternal cousin to inquire about E.N.'s potential Native American ancestry. Both of them denied any such ancestry and confirmed that the family is from Mexico. The Department also asked the paternal uncle

3

about E.N.'s potential Native American ancestry, and he stated the family is not Native American.

About six months after detaining E.N., the juvenile court sustained an amended petition's allegations and declared E.N. a dependent of the court. Both parents again said they had no Native American ancestry. The juvenile court then found that ICWA did not apply.

Shortly thereafter, the juvenile court removed E.N. from the parents' physical custody and denied the parents reunification services. At the hearing, the parents again said they had no Native American ancestry, and the juvenile court again found that ICWA did not apply.

The matter was eventually set for a section 366.26 hearing. At that hearing, the juvenile court terminated parental rights to E.N. Father timely appealed.

III.

DISCUSSION

Father's sole argument on appeal is that the Department failed to conduct a sufficient inquiry into E.N.'s Indian ancestry as required by ICWA. We disagree.

The Courts of Appeal, including the members of this court, are deeply split on whether a social services agency must ask extended family members and others who have an interest in a child about the child's possible Indian status when the child is taken into custody under section 340. (See *In re Delila D.* (2023) 93 Cal.App.5th 953, 962, review granted Sept. 27, 2023, S281447; *In re L.B.* (2023) 98 Cal.App.5th 512, 514.) We

4

continue to agree with this court's holdings that when, as here, a child is taken into protective custody pursuant to a warrant under section 340, subdivision (b), the social services agency need not ask extended family members and others who may have an interest in the child about the child's possible Indian status. (*In re Andres R.*, *supra*, 94 Cal.App.5th at pp. 841-843, review granted.) "[T]he expanded duty of initial inquiry under section 224.2[, subdivision] (b) applies only if the child was placed into temporary custody without a warrant," which did not occur here. (*Id*. at p. 842.)

Because E.N. was detained pursuant to a protective custody warrant under section 340, the Department was not required to ask E.N.'s extended family members about E.N.'s possible Indian ancestry. As a result, there was no ICWA error, as Father contends.

## IV.

## DISPOSITION

The juvenile court's order terminating parental rights to E.N. is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

FIELDS
J.